UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ELIZABETH REDMAN, | Case No.: 3:12-CV-11-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JOHN T. MOREHEAD, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

     Plaintiff Elizabeth Redman ("Redman") filed this action against John T. Morehead ("Morehead") seeking to recover for injuries she received after being knocked off a path and down a cliff by a rope which Morehead flung in her direction. Presently before the court is Morehead's motion to dismiss Redman's battery claim for failure to allege the requisite intent. The court grants the motion with leave to Redman to amend the complaint to include allegations that Morehead acted

with an intent to injure her.[1]

*Background*

Redman and Morehead were two of many visitors enjoying a sunny day at Smith Rock State Park, Oregon, on July 9, 2011. (Compl. ¶ 4.) Redman alleges Morehead swung on an rope attached to a rock pillar located next to the established path on which Redman was walking. (Compl. ¶ 5.) While swinging, Redman grabbed a second "rappel rope" and "whipped" that rope against Morehead, knocking her off the path and down the cliff. (Compl. ¶ 6-7.) Redman asserts claims for negligence, gross negligence, and battery. In support of her battery claim, Redman alleges that "[i]n whipping the rappel rope against Plaintiff, Defendant offensively contacted Plaintiff's person with force and violence. In doing so, Plaintiff[2] committed the tort of battery, causing Plaintiff to fall and sustain damages." (Compl. ¶ 9.)

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2)(2011). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that

---

[1] The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

[2] Clearly, Redman intended to allege that Defendant, not Plaintiff, committed the tort of battery. Redman may amend the complaint to correct this error if she elects to amend the complaint to allege the requisite intent to support her battery claim.

all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)(quoting *Iqbal*, 129 S. Ct. at 1949).

*Discussion*

The issue before the court is what intent is required to support a claim for battery under Oregon law. Morehead asserts that Redman was required to allegation that he intended to cause a harmful or offensive contact with her. Redman argues she need only allege that Morehead intended to jump onto his rope swing and grab his rappel line, and that intent to cause any injury reasonably resulting therefrom will be implied.

In *Cook v. Kinzua Pine Mills Co.*, 207 Or. 34, 49 (1956), the Oregon Supreme Court recognized that "courts have repeatedly fallen into error by referring to intentional or wilful acts without distinguishing between an intent to be reckless and an intent to hit the plaintiff." The court looked to prior case law, as well as the Restatement of Torts, to clarify the issue and determined that battery "involves an intent to cause unpermitted contact with the person of another, and it follows that one seeking to charge . . . battery should normally allege such intent." *Id*. at 57. The court explained that:

> A battery is defined in the Restatement as follows:
>
> > "An act which, directly or indirectly, is the legal cause of a harmful

> contact with another's person makes the actor liable to the other, if
>
> (a) the act is done with the intention of bringing about a harmful or offensive contact or an apprehension thereof to the other or a third person, and
>
> (b) the contact is not consented to by the other or the other's consent thereto is procured by fraud or duress, and
>
> (c) the contact is not otherwise privileged."

Restatement of Torts, § 13, p. 29.

> From a consideration of the authorities we conclude that an intentional act causing unpermitted physical contact with the person of another does not necessarily amount to an assault and battery. We must distinguish between an intent to do an act which may be wilful or wanton and which may result in contact, on the one hand, and an act involving an intent to cause harmful or offensive contact with the person, on the other. An assault and battery involves more than an intentional act. There must be the intent to injure. However, the authorities plainly indicate that the word "injure" refers to a legal injury, a violation of a protected right of the one assaulted. It does not necessarily mean bodily and physical injury. An offensive unpermitted touch may be a battery though no physical damage results.

*Cook*, 207 Or. at 48-9.

Additionally, the court identified four different types of conduct into which wrongful conduct may fall: 1) simple negligence; 2) gross negligence; 3) negligence committed in a wanton manner; and 4) battery. *Id*. at 58-9. "Wanton" conduct is defined as the "doing of an intentional act of an unreasonable character in disregard of a risk known to the actor, or so obvious that he must be taken to have been aware of it and so great as to make it highly probable that harm would follow, usually accompanied by a conscious indifference in consequences" while "battery" requires "an actual intent not only to do an act but to cause personal injury." *Id*.

Since *Cook*, the Oregon courts consistently have required an intent to cause personal injury to support a claim for battery. The Oregon Supreme Court found that evidence establishing that a

security guard "brushed" against plaintiff while reaching over plaintiff's shoulder to examine the contents of a shopping bag in plaintiff's possession was sufficient to make out a *prima facie* case of battery. *Bakker v. Baza'r, Inc.*, 275 Or. 245, 248-9 (1976). The court explained that "[t]o constitute liability for battery, the conduct which brings about the harm must be an act of volition on the actor's part, and the actor must have intended to bring about a harmful or offensive contact or put the other party in apprehension thereof." *Id*. at 249. Similarly, in *Friedrich v. Adesman*, 146 Or. App. 624, 630-1 (1997), the court acknowledged the rule that "an inadvertent contact is not a battery because the actor intends neither the harm nor the contact" and then held that allegations that "minor children recklessly or intentionally caused the ice to fall to the floor and to remain on the floor, and recklessly or intentionally caused injury to plaintiff" were sufficient to state a claim for battery. In doing so, the court relied on the allegation that the children intentionally caused the injury and the resulting reasonable inference that "the children acted volitionally to place the ice on the floor with the intent to case plaintiff to fall." *Id*. at 631.

Judge Mosman of this district recently recognized the distinction identified by the Oregon Supreme Court in *Cook* between an intent to engage in conduct which is likely to result in contact and an intent to engage in conduct for the purpose of causing harmful or offensive contact. *Gakk Inc. v. Acceptance Cas. Ins. Co.*, No. CV 09-6282-MO, 2010 WL 3259905, at *2 (D. Or. Aug. 16, 2010). The court addressed the question of whether allegations in a complaint seeking damages for personal injuries sustained at a tavern brought the claim within the assault and battery exclusion of the tavern's insurance policy. The complaint alleged that:

> After consuming the alcoholic beverages served by the Black Forest Tavern and while in the Black Forest Tavern, Thornhill became under the influence of alcohol and thereafter caused a knife to make contact with plaintiff, resulting in a stab wound

> to plaintiff's mouth, face and tongue, as well as a head injury causing a concussion, lacerations and soft tissue injury.

*Id*. at *3. Additionally, the liability of the tavern owners was premised entirely on allegations that they failed to exercise reasonable care with respect to Thornhill's "violent and threatening" tendencies. *Id*. Judge Mosman acknowledged the high standard set by the Oregon courts for inferring such intent from allegations of conduct, noting that "Oregon law cautions that 'the court should only infer . . . subjective intent to cause harm or injury as a matter of law when such subjective intent is the only reasonable inference that may be drawn from the insured's conduct.'" *Id*. (citation omitted). He then held that while the complaint did not specifically allege that defendant intended to injure the plaintiff, the allegations, taken as a whole, described a scenario in which Thornhill violently and threateningly attacked the plaintiff and supported an inference of subjective intent to injure. However, because voluntary intoxication may prevent a person from forming the intent required to commit an intentional tort under Oregon law, the court found that allegations of the complaint viewed in the plaintiff's favor, did not require an inference of subjective intent to cause harm. *Id*.

These cases make it clear that to state a claim for battery under Oregon law, a plaintiff must allege that the defendant acted with an intent to cause harmful or offensive contact. Allegations that a defendant engaged in an intentional act likely to result in such contact are not sufficient, and the ability of a court to infer subjective intent to cause harm is limited to situations where such intent is the *only* inference that may be drawn from the circumstances. Here, Redman alleges only that as a result of Morehead's grabbing the rappel rope and whipping it back toward the path where she was standing, she was knocked off the path and injured. While these allegations support a claim that

Morehead intentionally engaged in conduct that was likely to result in contact and resulting injury to Redman, they do not support a claim that Morehead intended his conduct to cause harmful or offensive contact with Redman. Accordingly, under Oregon law, Redman has failed to allege the requisite intent in support of her battery claim. Morehead's motion to dismiss the battery claim for failure to state a claim is granted. However, Redman is given leave to amend the complaint to include the requisite allegations of intent, if appropriate.

*Conclusion*

Morehead's motion (#8) to dismiss Redman's First Claim for Relief for battery is granted. Redman shall file an amended complaint correcting the deficiencies, if appropriate, on or before May 3, 2012.

DATED this 13th day of April, 2012.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge